UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRISTOPHER S. MINOR            ]
    Plaintiff,                  ]
                                ]
v.                              ]     No. 3:13-0024
                                ]     Judge Campbell
DAVIDSON COUNTY SHERIFF'S       ]
OFFICE, et al.                  ]
    Defendants.                 ]

# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Davidson County Sheriff's Office, Daron Hall, Sheriff of Davidson County, and the Criminal Justice Center, seeking damages.

According to the complaint, the plaintiff and another inmate have been held in a segregated cell for twenty one days without drinking water. The plaintiff alleges that this constitutes cruel and unusual punishment.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

1

The plaintiff does not allege that Sheriff Hall was in any way directly involved in his assignment to a cell without drinking water. Therefore, it appears that the plaintiff is suing Sheriff Hall because his Office operates the Davidson County Criminal Justice Center. The plaintiff, however, can not sue Sheriff Hall solely because of his role as a chief executive officer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisory official in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* <u>Dunn v. Tennessee</u>, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there has been no showing that Sheriff Hall was involved in, or was even aware of, the plaintiff's housing situation. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." <u>Gibson v. Matthews</u>, 926 F.2d 532, 535 (6th Cir.1991). Consequently, the plaintiff has failed to state a claim against Sheriff Hall for which relief can be granted.

A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. <u>Rhodes v.McDannel</u>, 945 F.2d 117, 120 (6th Cir. 1991). Nor is a county sheriff's office a person subject to §

1983 liability. <u>Petty v. County of Franklin, Ohio</u>, 478 F.3d 341, 347 (6th Cir. 2007). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Davidson County, the entity responsible for the operation of the Criminal Justice Center. However, for Davidson County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiff has also failed to state a claim against the Davidson County Sheriff's Office and the Criminal Justice Center upon which relief can be granted.

In the absence of a colorable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                   _____
                                                   Todd Campbell
                                                   United States District Judge